1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Hector Clemente, et al.,

    Plaintiffs,

  v.

Amanda Elizabeth Lanham, et al.

    Defendants.

Case No. 2:22-cv-2169-RFB-BNW

**Order re ECF No. 12**

  Before the Court is Plaintiffs' motion to serve Defendant Amanda Lanham by publication. ECF No. 12. Plaintiffs have not yet met the requirements for service by publication. Therefore, ECF No. 12 will be denied without prejudice.

**I.  Background**

  This case arises from a car accident involving Plaintiffs and Defendant Lanham. It is alleged that, at the time of the accident, Defendant Lanham was working for Defendant Postmates and that the accident occurred while she was in the course and scope of her employment. Plaintiffs allege that they have not been able to personally serve Defendant Lanham.

**II.  Service by Publication**

  The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.*

  Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) governs service on individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in

Nevada. The Nevada Rules of Civil Procedure, in turn, allow for service by publication. Nev. R.

Civ. P. 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. Nev.

R. Civ. P. 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [Nev. R.

Civ. P] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot,

after due diligence, be found, or that the defendant seeks to avoid service of process through

concealment; (3) establish through pleadings or other evidence that a cause of action exists

against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the

action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the

defendant; (6) provide the proposed language of the summons to be used in the publication,

briefly summarizing the claims asserted and the relief sought; (7) suggest one or more

---

[1] Nev. R. Civ. P. 4.4 provides:

(c)  **Service by Publication.**   If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
    (1)  **Conditions for Publication.**   Service by publication may only be ordered when the defendant:
        (A)  cannot, after due diligence, be found;
        (B)  by concealment seeks to avoid service of the summons and complaint; or
        (C)  is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
    (2)  **Motion Seeking Publication.**   A motion seeking an order for service by publication must:
        (A)  through pleadings or other evidence establish that:
            (i)  a cause of action exists against the defendant who is to be served; and
            (ii)  the defendant is a necessary or proper party to the action;
        (B)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
        (C)  provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
        (D)  suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
        (E)  if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
            (i)  the defendant's last-known address;
            (ii)  the dates during which the defendant resided at that location; and
            (iii)  confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] Nev. R. Civ. P. 4.2 tracks Fed. R. Civ. P. 4(e)(2) and permits service on an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. Nev. R. Civ. P. 4.2(a); Fed. R. Civ. P. 4(e)(2). Nev. R. Civ. P. 4.3 governs service on individuals located outside Nevada or outside the United States. Nev. R. Civ. P. 4.4(a) governs service in a manner prescribed by statute. And Nev. R. Civ. P. 4.4(b) governs service "through any alternative service method."

1    newspapers in which the summons should be published that are reasonably calculated to give the

2    defendant actual notice; and (8) provide the defendant's last-known address, the dates during

3    which defendant lived at that address, and confirmation that plaintiff is unaware of any other

4    address at which defendant has resided since that time or at which defendant can be found. Nev.

5    R. Civ. P. 4.4(c).

6            Here, the Court finds that Plaintiffs have not made the requisite showing under Nev. R.

7    Civ. P. 4.4(c)—and, by extension, Fed. R. Civ. P. 4(e)(1)—to effect service of process upon

8    Defendant Lanham by publication. Specifically, Plaintiffs have satisfied requirements 3, 4, and 6,

9    but none of the others.

10           Regarding the first requirement, Plaintiffs have established that the service methods in

11   Nev. R. Civ. P. 4.2, 4.3, and 4.4(a), are impracticable.

12           Beginning with Nev. R. Civ. P. 4.2, it is evident that personal or substitute service upon

13   Lanham is impracticable at this juncture because Plaintiffs diligently attempted to locate her and

14   tried to serve her at the address on the incident report (in St. Louis, Missouri) and her current

15   address in Las Vegas, Nevada (obtained by way of a skip trace) to no avail. ECF No. 12-1 and

16   12-2.

17           As to service under Nev. R. Civ. P. 4.3, Plaintiffs attempted to served her at the address

18   listed on the incident report in Missouri to no avail. ECF No. 12-1. Therefore, service under Nev.

19   R. Civ. P. 4.3 impracticable.

20           Further, service under Nev. R. Civ. P. 4.4(a) is inapplicable and therefore impracticable

21   because there exists no statute that requires service upon Lanham in a particular manner.

22           Nevertheless, it is unclear to the Court whether service under Nev. R. Civ. P. 4.4(b) is also

23   impracticable. This Court has previously determined that Nev. R. Civ. P. 4.4(b) allows for service

24   by email. *See Equity Title v. Gazlay*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2

25   (D. Nev. Mar. 3, 2020). Here, there is no indication as to whether Plaintiffs attempted to get

26   Defendant Lanham's email address (through Postmates or otherwise). Therefore, Plaintiffs do not

27   satisfy the first requirement because they have not shown that the service methods under Nev. R.

28   Civ. P. 4.4(b) are impracticable.

1   Given the above, Plaintiffs are not able to show that Defendant Lanham cannot, after due

2   diligence, be found. As a result, Plaintiffs do not satisfy the second requirement.

3   As to the third requirement, a cause of action is "[a] group of operative facts giving rise to

4   one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, BLACK'S LAW

5   DICTIONARY (11th ed. 2019). Plaintiffs' theory, set forth in their pleadings, meets the third

6   requirement.

7   Further, the Court finds that Defendant Lanham is a necessary and proper party to this

8   matter because she supposedly played a role in the alleged conduct. Thus, Plaintiffs meet the

9   fourth requirement, too.

10   Turning to the fifth requirement, Plaintiffs have attempted service at the residences in

11   Missouri and Nevada but have not assured the Court that she cannot be found (and served)

12   through an email address. As a result, this requirement has not been met.

13   Turning to the sixth requirement, Nev. R. Civ. P. 4.4 provides that a litigant who desires

14   to serve her adversary by publication must "provide the proposed language of the summons to be

15   used in the publication, briefly summarizing the claims asserted and the relief sought[.]" Nev. R.

16   Civ. P. 4.4(c)(2)(C). Thus, Nev. R. Civ. P. 4.4 speaks to the content of the summons. However,

17   the required content of summonses issued by federal courts is governed by Rule 4. *See* Fed. R.

18   Civ. P. 4(a). Rule 4 is consonant with the Rules Enabling Act and the U.S. Constitution because it

19   does not "abridge, enlarge, or modify any substantive right." *See* 28 U.S.C. § 2072; *see also*

20   *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Therefore, Rule 4 "applies

21   regardless of contrary state law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 n.7 (1996).

22   Accordingly, Rule 4 will govern the content of the summonses issued in this case.

23   However, Plaintiffs have not met the seventh factor, as they have not suggested one or

24   more newspapers in which the summonses could be published that are reasonably calculated to

25   give Defendant Lanham actual notice.

26   Accordingly, Plaintiffs' request to effect service by publication will be denied. The Court

27   is not yet convinced that service by publication is reasonably calculated to provide notice and an

28   opportunity to respond.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**III.     Conclusion.**

IT IS THEREFORE ORDERED that Plaintiffs' motion (ECF No. 12) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Plaintiffs wishes to file another motion requesting service by alternative means, they must do so by February 25, 2023 and comply with the directives in this order.

DATED: January 25, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE